[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff's certified complaint and application for a temporary injunction came to this court and a hearing was held thereon on March 25, 1996. The court finds that Woodbury Ski and Racquet operates a ski area as a non-conforming use at its premises on Route 47, Woodbury. During the summer months it holds concerts at this facility for which it obtains special exception permits in accordance with Zoning Regulations of the CT Page 2590 Town of Woodbury.
On March 30 and 31, 1996 defendant proposes to stage on the subject premises an event termed in its press release as a Lolapolooza Freestyle Snowboard Jam at which it will provide continuous music on two outdoor stages featuring 15 bands according to its press release or 7 bands according to testimony of defendant Roderick G. Taylor. Defendant Taylor claims that the music at the event is only incidental to his use of the ski area which the town contends that the playing outdoors of 7 to 15 bands constitutes a concert or event for which defendant would need a special exception permit in accordance with Woodbury Zoning Regulations § 5.2.7b. This section provides as follows:
 Uses of an intermittent nature, such as carnivals, circuses, concerts, events, fairs or parades which can be expected to draw substantial numbers of spectators defined as expected to draw 200 vehicles or draw more vehicles than can be accommodated by available on-site parking provided that each event, carnival, circus, concert, fair or parade shall be considered a separate use and a Special Exception shall be required for each use.
No special exception permit was obtained or indeed sought by defendant.
The court agrees with the interpretation by the town of the regulation that the Lolapolooza Festival constitutes an event or concert for which a special exception is required, as it falls within the definition of concert as set forth in § 5.2.7b. i, being a public performance of music or dancing. The snow-boarding or freestyle skiing competition is an incidental use of the ski area but outdoor staging of 7 to 15 bands is not.
Therefore, it is hereby ordered:
By the authority of the State of Connecticut, that the defendants Roderick G. Taylor, Woodbury Ski Racquet, and their agents, servants, or employees, are hereby enjoined from:
Promoting, advertising, operating or holding a concert at the Woodbury Ski Racquet on March 30, 31, 1996, or on any other subsequent date, without receiving a Special Exception CT Page 2591 issued by the town of Woodbury Zoning Commission authorizing such a concert.
Said order shall be in effect until further order of the court.
The posting of a bond by the municipality is waived.
Dated at Waterbury, CT this 28th day of March 1996.
KULAWIZ, J.